United States District Court
Southern District of Texas
**ENTERED**
September 12, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SHEILA WILLIAMS, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-CV-1100 |
| § | |
| UNITED AIRLINES, INC., § | |
| *Defendant*. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Sheila Williams, formerly known as Sheila Foster, filed a Complaint against United Airlines, Inc. asserting claims for violation of the Americans with Disabilities Act (ADA). ECF 1. The case is before the Court on Defendant United Airlines, Inc.'s Motion to Dismiss for Failure to State a Claim.[1] ECF 5. Having considered the parties' submissions and the law, the Court RECOMMENDS that Defendant's Motion be GRANTED and this case be DISMISSED WITH PREJUDICE to the extent set forth below.

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 6.

## I. Background

### A. Factual Background

Plaintiff alleges that she injured her knee at work in October 2011, when she was employed by Chelsea Foods, a division of Defendant's predecessor, Continental Airlines. ECF 1-1 ¶ 12. Due to her injuries, Chelsea placed her on disability and subsequently Continental transferred her to its airport division as a part-time customer service agent. *Id.* According to Plaintiff, she faced roadblocks when requesting accommodations due to her disability, but she also alleges that Continental provided the accommodation of no mandatory overtime. *Id.* ¶¶ 15, 18.

In August 2015, Plaintiff took worker's compensation leave after two surgeries on her shoulder, neck, and spine. *Id.* ¶ 17. Plaintiff alleges she was cleared by her doctor and asked to return to work with limitations, but instead Defendant placed her on "Extended Illness Status" (EIS), which is paid through sick leave. *Id.* In January 2018, Plaintiff submitted paperwork to return to work with restrictions, but her personnel file was missing and Human Resources (HR) representatives didn't have the documentation they needed to honor her requested accommodations. *Id.* ¶ 18. During 2018 until January 2019, Plaintiff and Defendant participated in reasonable accommodation meetings and Plaintiff continued to request the accommodation of working 6-hour shifts with no mandatory overtime. *Id.* ¶¶ 19-23. Plaintiff's EIS leave was depleted in January 2019, making her eligible for

termination. *Id.* ¶ 24. In February 2019, Defendant informed Plaintiff she was not eligible for reasonable accommodations because she could not perform the essential functions of her job and officially terminated Plaintiff's employment. *Id.* ¶ 25.

**B.     Procedural Background**

Before filing the instant suit on March 24, 2023, Plaintiff sued Defendant in federal court on November 21, 2020 asserting ADA claims for disability discrimination, hostile work environment, and retaliation. *Foster v. United Airlines*, Civil Action No. 4:20-cv-3978 (the First Lawsuit) (Complaint (ECF 1)). In a Memorandum Opinion, United States District Judge Lee Rosenthal dismissed Plaintiff's ADA disability discrimination claim for lack of subject matter jurisdiction because the Railway Labor Act (RLA) preempts the ADA disability discrimination claim. *Id.* (March 24, 2021 Memorandum Opinion (ECF 23)). Because the court determined it lacked subject matter jurisdiction, the ADA discrimination claim was dismissed *without prejudice*. *Id.* Thereafter, Judge Rosenthal granted Defendant's motion for summary judgment, dismissed *with prejudice* Plaintiff's ADA hostile work environment and retaliation claims, and entered a Final Judgment in the case. *Id.* (June 22, 2022 Memorandum Opinion (ECF 52); June 22, 2022 Final Judgment (ECF 53)). Plaintiff did not appeal the dismissal of her claims in the First Lawsuit.

Plaintiff filed this suit on March 24, 2023. This suit (the Second Lawsuit) asserts an ADA disability discrimination claim against Defendant based on the same

facts alleged in the First Lawsuit. *See* ECF 1. Thus, Plaintiff asserts in the Second Lawsuit the same ADA disability discrimination claim she asserted in the First Lawsuit, which Judge Rosenthal dismissed without prejudice for lack of subject matter jurisdiction.

Defendant now moves to dismiss the Second Lawsuit arguing that Judge Rosenthal's ruling in the First Lawsuit—that the RLA preempts Plaintiff's ADA disability discrimination claim and therefore no subject matter jurisdiction exists for that claim—has preclusive effect. Additionally, the Defendant moves to dismiss the ADA claim as barred by the statute of limitations. Because the Court concludes that this case must be dismissed based on the preclusive effect of Judge Rosenthal's ruling in the First Lawsuit that no subject matter jurisdiction exists in this Court for the ADA disability discrimination claim, the Court does not reach Defendant's statute of limitations argument.

## II. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). In this case, the Court considers matters of public record filed in the First Lawsuit.

### III. Analysis

Again, Plaintiff asserts in this Second Lawsuit only one cause of action against Defendant for ADA disability discrimination based on her February 2019

termination. ECF 1-1. Defendant moves to dismiss Plaintiff's suit under Rule 12(b)(6) as barred by the res judicata effect of Judge Rosenthal's ruling in the First Lawsuit. *See* ECF 5. Plaintiff argues here, as she did in the First Lawsuit, that her ADA claim is not preempted by the RLA and therefore subject matter jurisdiction exists in this Court. However, Plaintiff completely fails to address or counter Defendant's argument that she is precluded from relitigating the ruling in the First Lawsuit that no subject matter jurisdiction exists over her ADA discrimination claim. *See* ECF 10.

### A. The doctrine of issue preclusion applies to subject matter jurisdiction rulings.

"It has long been the rule that principles of res judicata apply to jurisdictional determinations." *Bank of Louisiana v. Fed. Deposit Ins. Corp.*, 33 F.4th 836, 837 (5th Cir. 2022) (citation omitted). However, the Fifth Circuit recently explained that the preclusive effect of jurisdictional rulings are more properly framed under the doctrine of issue preclusion. *Id*. (recognizing that "'issue preclusion' is the better framing" for the preclusive effect of jurisdictional rulings). This is because when a court lacks subject matter jurisdiction over a claim it dismisses the claim *without prejudice* and without ruling on the merits of the claim. Yet, "claim preclusion" or "true res judicata" generally requires that the prior action was concluded by a final judgment on the merits. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Even so, it is beyond dispute that "[p]reclusion principals . . . bar

6

relitigation of the same jurisdictional *issue* decided in a prior case." *Bank of Louisiana*, 33 F.4th at 838 (emphasis in original) (citations omitted); *see also Griener v. United States*, 900 F.3d 700, 705 (5th Cir. 2018) ("[a] dismissal for want of jurisdiction bars access to federal courts and is res judicata only of the lack of a federal court's power to act. It is otherwise without prejudice to the plaintiff's claims." (citations omitted)); *Daigle v. Opelousas Health Care*, Inc., 774 F.2d 1344, 1348 (5th Cir. 1985) (noting that a dismissal for lack of jurisdiction "is res judicata only of the lack of a federal court's power to act" and the plaintiff may reassert his claim in any competent court)); *Equitable Tr. Co. v. Commodity Futures Trading Comm'n*, 669 F.2d 269, 272 (5th Cir. 1982) (stating "the law is clear: a dismissal for lack of subject-matter jurisdiction, while 'not binding as to all matters which could have been raised,' is conclusive as to matters actually adjudged"); *Perez v. United States*, No. CIV.A. H-02-1306, 2002 WL 2030356, at *3 (S.D. Tex. July 18, 2002) (stating "a determination by a federal district court that it lacks subject matter jurisdiction over an action bars access to the federal courts and is res judicata as to the lack of the federal court's power to act.") (citations omitted)).

**B. Issue preclusion requires dismissal of this case for lack of subject matter jurisdiction.**

A comparison of the Complaint in this Second Lawsuit (ECF 1) with the Complaint and Amended Complaint in the First Lawsuit (Civil Action No. 4:20-cv-3978, ECF 1 and 11) makes it abundantly clear that, in both cases, the same Plaintiff

7

is asserting the same ADA discrimination claim against the same Defendant. Plaintiff argues in this suit that her claim "is not precluded under the RLA because a Federal Court should be allowed to assess whether Plaintiff received a reasonable accommodation." ECF 10 at 10. But this is precisely the issue that was litigated and ruled upon by Judge Rosenthal in the First Lawsuit:

> Determining whether mandatory overtime is an essential function of Foster's job, and determining whether United's reason for terminating Foster under the collective-bargaining agreement was pretextual, require the court to interpret the collective-bargaining agreement. Foster's disability-discrimination claim is a "minor dispute" that is preempted by the RLA. The court dismisses that claim, without prejudice, for lack of subject-matter jurisdiction.

Civil Action No. 4:20-cv-3978 (ECF 23 at 11). Although the lack of subject matter jurisdiction required Judge Rosenthal to dismiss the ADA disability discrimination claim without prejudice, the dismissal carries preclusive effect with respect to the *issue* that was litigated and decided—preemption of the ADA claim by the RLA. *See* 18A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4436 (3d ed. 2022) ("Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdictional question.").

Fifth Circuit caselaw clearly demonstrates that relitigation of the RLA preemption issue is precluded by Judge Rosenthal's dismissal of the ADA disability claim in the First Lawsuit. In *Bank of Louisiana v. Fed. Deposit Ins. Corp.*, noting

that the Bank claimed in a second suit that the district court had jurisdiction over its constitutional claims against the FDIC, the Fifth Circuit wrote:

> That is the same issue we decided against the Bank in the prior suits. The new complaints thus repeat rather than remedy the jurisdictional problem that warranted the earlier dismissals. As a result, the previous rulings preclude these latest suits.

33 F. 4th at 838. The same is true here. Plaintiff is precluded by Judge Rosenthal's decision in the First Lawsuit from re-litigating whether her ADA disability discrimination claim is preempted by the RLA. The ruling in the First Lawsuit that there is no federal subject matter jurisdiction over Plaintiff's preempted ADA discrimination claim has preclusive effect and bars Plaintiff's ADA discrimination claim in this Second Lawsuit.

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED and this case be DISMISSED WITH PREJUDICE, not on the merits of the ADA disability discrimination claim, but as to Plaintiff's right to reassert the claim in federal court in light of a ruling in the First Lawsuit that the claim is preempted and therefore, the federal courts lack jurisdiction to hear it.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written

9

objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on September 12, 2023, at Houston, Texas.

                                                                Christina A. Bryan
                                                         United States Magistrate Judge